IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



GEORGE D. MITCHELL,                )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )  No. 04 C 1870
                                    )
UNION PACIFIC RAILROAD CO.,         )
TRANSPORTATION COMMUNICATIONS UNION,)
NATIONAL RAILROAD ADJUSTMENT BOARD, )
                                    )
        Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff George Mitchell, *pro se*, sues defendants Union Pacific Railroad Co. (the UP), Transportation Communications International Union (the Union), and National Railroad Adjustment Board (NRAB). Mr. Mitchell, a former employee of the UP, asks the court to set aside an arbitration award rendered in favor of the UP, award him back pay and benefits lost, reinstate him to a position he held with the UP during the 1990s, require that he receive training in accordance with the Code of Federal Regulations (CFR), order that disciplinary actions taken against him during his employment be expunged from the UP's records, and award him his costs, including reasonable attorneys' fees if the court should appoint an attorney to represent him.

Before the court are the motion of the UP to dismiss the complaint and the motion of the Union to dismiss the complaint or, in the alternative, for summary judgment. I grant the Union's

motion for summary judgment;[1] I also grant the motion of the UP to dismiss with prejudice, because I do not see how the plaintiff can allege any set of facts that would sustain his claim.

## FACTUAL BACKGROUND

In 1996 and 1997, Mr. Mitchell was a member of the Union and was employed by the UP at its Morrill, Nebraska facility. He sought a Control Operator's position and understood that he would be trained to perform the position prior to being assigned in that capacity. Mr. Mitchell was involved in incidents during 1996 which gave rise to the UP disciplinary charges against him. The incidents, which occurred over a seven month period, involved his alleged authorization of trains to proceed under conditions in which no such authorization should have been granted and, in one instance, improper operation of a dual control switch. As required by statute, Mr. Mitchell's claims were heard by a Public Law Board consisting of a neutral chair person, an employe (sic) member, and a carrier member. The Union was Mr. Mitchell's representative before the panel. As a result of the first disciplinary charge, Mr. Mitchell was required to take a day without pay to develop a corrective action plan. For the second infraction he was suspended

---

[1] Although Mr. Mitchell was sent a notice pursuant to Local Rule 56.2, advising him of his rights and responsibilities as a pro se plaintiff with respect the procedures governing motions for summary judgment, he has filed no response to the Union's Local Rule 56.1 statement of material facts as to which there is no genuine issue. I therefore take the facts set forth in the Union's statement as true.

2

without pay for five days, for the third he received a thirty day suspension without pay, and as a result of the fourth, on January 8, 1997, he was dismissed from the UP's service. Mr. Mitchell then requested that his claims and the panel's decisions be reviewed by an independent arbitrator. The Union also represented Mr. Mitchell in that proceeding. Mr. Mitchell alleges that he was inadequately represented by the Union at the disciplinary hearings and that neither the UP nor the Union ever notified the arbitrator of the UP's obligation to provide job training for Mr. Mitchell under the CFR. He further alleges that he requested submission to further arbitration from the Union and the UP "after first learning of the existence of the federal code of regulations on July 10, 2002." He contends that the UP and the Union by their actions committed fraud upon the board and worked corruption to the findings of the arbitrator.

The arbitrator's decisions concerning the claims previously brought before the National Railroad Adjustment Board were rendered on October 19, 1997. Mr. Mitchell was held by the neutral arbitrator to have been at fault in each alleged violation of the UP's rules, but the arbitrator also found that Mr. Mitchell had been inadequately trained for the position of operations controller. The arbitrator therefore ruled that: Mr. Mitchell should have been disqualified from the position but not discharged from employment; Mr. Mitchell was not entitled to back pay; he

3

should not have been subjected to the second and third disciplinary actions imposed by the board of adjustment; the references to progressive discipline should be expunged from his employment record; and Mr. Mitchell should be reinstated to a position for which he was qualified.[2] Mr. Mitchell was notified by the Union in a letter dated October 31, 1997 of the disposition of the claims. In a letter dated November 3, 1997, the Union further informed him that the dispositions were final and binding, and that the Union was closing its files and removing them from its docket of pending claims. Mr. Mitchell's next move came on March 8, 2001, when he requested that the Union again take action on his behalf in connection with a discrimination claim. By letter dated March 20, 2001, the Union advised Mr. Mitchell that it was estopped from taking further action on the claims that had been presented to the arbitrator.

The motions before me were filed to challenge Mr. Mitchell's original complaint. On June 1, 2005, I entered a minute order indicating that I would consider the motions with respect to the amended complaint, and I do so now. References below to the "complaint", unless otherwise noted are to Mr. Mitchell's amended complaint filed May 27, 2005.

---

[2] Mr. Mitchell was returned to service with the UP in January 1998, and remained in its employ until July 2003, when he was again terminated.

4

## I. The Motions of the Union

In this section I shall treat with the Union's summary judgment motion, although the pleading deficiencies raised in the Union's motion to dismiss would lead me to the same conclusions. Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment I must evaluate admissible evidence in the light most favorable to the non-moving party. I may not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). The party who bears the burden of proof on an issue may not rest on the pleadings but must affirmatively demonstrate that there is a genuine issue of fact that requires trial. *Celotex Corp. v. Catret*, 477 U.S. 317, 324 (1986).

To the extent that Mr. Mitchell requests relief from the arbitrator's decisions, his action is time-barred under the six month statute of limitations provided in § 160(b) of the National Labor Relations Act, 29 U.S.C § 160(b). *Dozier v. Trans World Airlines*, 760 F.2d 849 (7th Cir. 1985)(as a general rule, a time limitation begins to run when the claimant discovers or in the exercise of reasonable diligence should have discovered the acts constituting the violation). Mr. Mitchell claims that the awards made by the Public Law Board are void because they show on their

5

face that the hearings on which they were based were held without notice to him in violation of his right to due process. The Union responds that, in fact, Mr. Mitchell received both actual and constructive notice of the hearing by letters dated March 21 and April 15, 1997 from the General Chairman of the Union. (Supplemental Mether declaration, attached to Union's reply in support of motion). Mr. Mitchell does not attempt to raise a triable issue of fact with respect to this contention, and as a matter of law Mr. Mitchell cannot prevail on this argument. See *O'Neil v Public Law Board No. 550*, 581 F.2d 692 (7th Cir. 1978)(where an individual employee authorizes his union to represent him before a panel established under the Railway Labor Act, statute does not require that actual notice be given to employee personally; notice to union is sufficient).

Mr. Mitchell argues further that the running of the limitations period should be tolled until he first learned the existence of his alleged cause of action under the Railway Labor Act to set aside the award, which, he argues, was not until July 10, 2002. He argues that the limitation rule should be subject to the doctrine of equitable tolling, but that doctrine applies to tardy discovery of facts, not tardy discovery of legal rights. *Chaknos v. City of Chicago*, 43 F.3d 1132, 1136 (7th Cir. 1994)(a plaintiff "who is aware of his injury is not allowed to wait until

6

the time he became aware of its unlawful nature"). Mr. Mitchell was advised of his alleged injury in the fall of 1997.

Nor, as Mr. Mitchell further claims, is the Union equitably estopped from raising a statute of limitations defense. In order for Mr. Mitchell to prevail on that theory, he would have to establish that the Union had taken active steps to prevent him from bringing a timely suit. *Cada v Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). He cannot possibly turn the Union's truthful notification that the arbitrator's decisions were final and binding into an active step that would have deterred him from discovering his claimed injury.

Moreover, Mr. Mitchell's claim that by failing to inform the panel that it was required by the CFR to train him as a control operator, the Union and the UP committed fraud upon the board and worked corruption to the findings of the arbitrator, is belied by the fact that the arbitrator specifically reversed the board's approval of two instances of discipline on the basis of the UP's violation of its federally mandated duty to provide training.

For the foregoing reasons, I grant the Union's motion for summary judgment.

## II. The UP's Motion to Dismiss

Mr. Mitchell's claim against the UP charges the UP with the following allegedly wrongful acts. The UP failed to give Mr. Mitchell adequate training for the position of Control Operator as

required by CFR § 217 et seq. He claims the UP failed to disclose to the board that it was required to train according to the CFR and that the UP failed to provide copies of its submissions (presumably to the board and arbitrator; Mr. Mitchell does not specify) when requested by Mr. Mitchell. As a result, the UP (and the Union) is alleged to have willfully committed fraud upon the board and worked corruption to the findings of the arbitrator.

The UP moves to dismiss under Rules 4(m) and 12(b) of the Federal Rules of Civil Procedure. I will not address the UP's Rule 4 argument on service of process, because the legal insufficiency of the complaint is so patent. The UP also asks that the complaint be dismissed and sanctions imposed on Mr. Mitchell for his frivolous and harassing conduct in filing, consecutively, actions against it that have no basis in law. I deal first with the fundamental question of whether the complaint states a claim upon which relief can be granted.

In considering a motion to dismiss for failure to state a claim, I must take all well pleaded allegations of the complaint as true and construe any ambiguities in the complaint in favor of the plaintiff. *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 1170, 1173 (7th Cir. 2002). In general, under the notice pleading requirements of the Federal Rules, a plaintiff is not required to allege facts but may plead conclusions. *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278,282 (7th Cir. 2000).

Unlike the Union, which focused in its motion on the six month statute of limitations provided in § 160(b) of the National Labor Relations Act, 29 U.S.C § 160(b), the UP cites the more generous two year statute of limitations set forth in the Railway Labor Act for actions to review an award of the National Railway Adjustment Board, 45 U.S.C. § 153 First (r).

Here, the decisions of the neutral arbitrator with respect to the awards of the board were delivered on October 19, 1997, and Mr. Mitchell waited until March 11, 2004 to file his original complaint in this action. By then his rights, if any, had long since been extinguished. And for the same reasons that I held Mr. Mitchell's argument based on equitable tolling and estoppel to be unavailing against the Union's motion, they are equally unavailing against the UP.

Mr. Mitchell also seeks to hold the UP accountable for failing to follow the arbitrator's order that it expunge two disciplinary actions from his employment records. The UP has filed a declaration of Dean D. Matter, the UP's General Director Labor Relations - Non-Ops., in which Mr. Matter concedes that those items "fell through the cracks" and remained in the records until he was advised by an attorney for the UP that they had not been removed. He states that the items have since been removed. Thus, Mr. Mitchell's claim in this regard is moot.

## III. The UP's Motion for Sanctions

The UP alleges that Mr. Mitchell "is engaged in a pattern of conduct intended to harass defendant Union Pacific, the Transportation Communication Union, and the National Railroad Adjustment Board." In support of this charge, the UP represents as follows. The same core facts involved here gave rise to a prior suit by plaintiff, which was tried to a jury and resulted in a verdict for the UP, an affirmance by the Eighth Circuit, and denial of certiorari by the Supreme Court. In addition, Mr. Mitchell has filed four other suits against the UP, two of which the UP had been unaware of until it began to prepare the present motion to dismiss because it had never been served. Mr. Mitchell has filed notices of appeal from the dismissal of each of his prior cases. Two were denied by the Seventh Circuit after Mr. Mitchell's petitions to proceed *in forma pauperis* were denied. Since the present suit fails to state a basis for relief and was clearly untimely in filing, Mr. Mitchell's conduct is sanctionable.

In addition to multiple suits against the UP, Mr. Mitchell has filed a malpractice suit against the attorney who tried his employment discrimination case against the railroad, See *Mitchell v. Shiffermiller*, No. 03 C 4794, 2004 WL 178188 (N.D.Ill. January 14, 2004). That case was dismissed by Judge Holderman based on the absence of personal jurisdiction over the defendant, a Nebraska attorney. I agree with the UP that Mr. Mitchell's repetitive

actions are harassing and frivolous, but I decline to sanction him by awarding the UP its fees and costs. I do not think that such a sanction is likely to result in a meaningful recovery for the UP or to deter Mr. Mitchell from further abusing the judicial process. *Compare Jones v. Warden of Stateville Correctional Center*, 918 F. Supp. 1142, 1152-53 (N.D.Ill. 1995). I refer this matter to the Executive Committee of this court with the recommendation that it direct the Clerk of the Court to refer all future filings by George Mitchell to the committee for review. Further, I hereby order the plaintiff George Mitchell to identify by court and index number in any future application for leave to proceed *in forma pauperis*, all prior actions or proceedings he has filed against any party named in the action he seeks to file and the status or disposition of such prior actions or proceedings. Mr. Mitchell is cautioned that violation of this order may be deemed contempt of court and result in the imposition of appropriate sanctions.

This order terminates the action as against all defendants, including the National Railroad Adjustment Board.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: July 15, 2005